# United States District Court
## Northern District of Alabama
## Eastern Division

03 JUN -4  AM 10: 09

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Mary Rice, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-02-CO-2099-E |
| The Terminix International Company L.P., | ] |
| Defendant(s). | ] |

**Memorandum of Opinion**

ENTERED
JUN 0 4 2003

### I. Introduction

The court has received for its review Terminix International Company L.P.'s ("Terminix") motion to vacate its previous orders and to remand the case to the Circuit Court of Calhoun County, filed December 19, 2002 (Doc. #11). Originally this court had jurisdiction pursuant to 28 U.S.C. § 1332 because there was complete diversity between the parties and the amount in controversy exceeded $75,000. Terminix filed the instant action when it learned that one of its limited partners, Allied Williams Companies d/b/a/ Terminix Services ("Allied Williams") had its corporate "nerve center" in Mobile, Alabama, which would defeat diversity. The plaintiff, Mary Rice ("Rice") responded that remand was improper and requested attorney's fees. The issues have been briefed by both parties and the are now ripe for review. Upon due consideration the court finds that the motion is due to be granted and that the plaintiff's request for attorneys fees is due to be denied.



## II. Statement of Facts

The case arises out of a Termite Baiting System Protection Plan ("the Protection Plan"), issued by Terminix on July 15, 1992, which provided that Terminix would inspect and treat Rice's home for termites. The plaintiff, is a resident of Calhoun County, Alabama. At the time it filed its notice for removal, defendant believed itself to be a limited partnership organized under the laws of the state of Delaware with its principal place of business in Memphis, Tennessee. On December 19, 2002, when the parties filed this motion, Terminix presented evidence that it in fact had a limited partner, Allied-Bruce Terminix Companies, Inc., ("Allied-Bruce") which was incorporated in Arkansas, but its corporate headquarters or "nerve center" was located in Mobile, Alabama. (Doc. #11, Aff. of M. Elaine Green). Later, when the plaintiff presented evidence that Allied-Bruce was an inactive corporation, the defendant presented an additional affidavit which provided that Allied-Bruce merged with Allied-Williams in December of 2001, and thus acquired the Allied-Bruce "nerve center" in Mobile. (Doc. #14, Aff. of Joseph P. Jones, Jr.). Although Allied-Williams is a Delaware Corporation, the majority of personnel are located in Mobile, and it is also the location corporate offices and bookkeeping operations.

## III. Standard of Review

For removal under 28 U.S.C. § 1441 to be proper, the federal court must have subject-matter jurisdiction in the case. The removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendant bears the burden of

2

establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

## IV. Discussion

### A. Jurisdiction

For purposes of analyzing diversity jurisdiction, a court must consider the citizenship of all of the partners of a limited partnership. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 196 (1990). If a partner of a partnership is a corporation, the partner will be deemed to be a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332 (c)(1). In order to determine the "principle place of business" of a corporation, the Eleventh Circuit analyzes the corporation's total activities. *Bel-Bel International Corp. v. Community Bank & Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998); *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 315 (5th Cir. 1980). When the corporation has varied activities which are carried on in different states, the corporate "nerve center," or corporate offices, will be the principal place of business. *See Vareka Inv. v. American Inv. Prop., Inc.*, 724 F.2d 907, 910 (11th Cir. 1984); *TKI Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307, 1316 (M.D. Ala. 2002).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In addition, any order entered by a court lacking jurisdiction is void and should be vacated. *See Boulloche v. Conoco Oil Corp.*, 615 F.2d 687, 688-89 (5th Cir. 1980) ("Since the court lacked jurisdiction over the action, it had no power to render a judgment on the merits ...

3

On remand, the district court should expunge its initial judgment and enter an order dismissing the case for want of subject matter jurisdiction.").

In her reply brief, the plaintiff claimed that Allied Bruce is an inactive corporation and therefore Mobile cannot be its "nerve center." (Doc. # 13). Moreover, she argued that because Allied-Williams/Allied-Bruce Merger occurred in January 1, 2001, the partnership is irrelevant as underlying action took place before that date. (*Id.*). Defendant replied explaining that Allied-Bruce became inactive when it merged with Allied-Williams, which is now active. (Doc. # 14). The defendant has presented evidence that Mobile, Alabama is in fact its corporate "nerve center," the majority of its personnel are located there as are its corporate offices and bookkeeping operations. *Community Bank & Homestead*, 162 F.3d at 1106; *Country Quality Meats, Inc.*, 610 F.2d at 315. Since the "nerve center" is in Mobile, diversity between the parties is no longer complete and the court must remand the case. *Boulloche v. Conoco Oil Corp.*, 615 F.2d at 688-89. The court also finds the plaintiff's argument that the merger happened after the occurrence of the alleged wrong to be without merit. For purposes of determining diversity jurisdiction, the relevant date is the commencement of the action. *Louisville, N.A. & C.R. Co. v. Louisville Trust Co.*, 174 U.S. 552(1899). The plaintiff filed this lawsuit on or about July 30, 2002, which was well after the date of the initial acquisition. (Doc. #1). Accordingly, the court will remand the case to the Circuit Court of Calhoun County for further proceedings.

4

**B. Attorney Fees**

Under 28 U.S.C. § 1447(c) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Prior to 1988 such fees were awarded rarely and generally required a evidence of bad faith. *Gray v. New York Life Ins. Co.*, 906 F. Supp. 628, 630 (N.D. Ala. 1995)(citing *Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir. 1981); *see generally* 16 Moore's Fed. Practice § 107.41 (2002)(explaining attorney removal fees). The Judicial Improvements and Access to Justice Act of 1988 (Pub.L.100-702) changed the statute so that it reads as written *supra*, a change which has afforded trial court judges more discretion in assessing fees. Just how much discretion courts have is a matter of some discussion. *See, e.g., id.* at 632-33 (citing several different interpretations). In *Gray v. New York Life Ins. Co.*, this court somewhat narrowed the field of discussion and listed three circumstances which could justify an award of attorney fees: (1) if the removal was taken in bad faith; (2) if it was clear that the removing party was operating according to improper motives – that is, was there a legitimate basis for the belief that removal is proper; (3) there is no evidence of "forethought" or objectively reasonable basis for removing the case. 906 F. Supp. at 633-36. Most courts have adopted the "objectively "reasonable" test. *See, e.g., Whitlock v. Jackson National Life Ins. Co.*, 32 F. Supp. 2d 1286 (M.D. Ala. 1998) (quoting *Howard Griggs Trucking Inc. v. American Central Ins. Co.*, 894 F. Supp. 1503, 1510 (M.D. Ala. 1995) ("the standard that has emerged is whether "from aught that appears, the defendants ... have acted reasonably on the basis of the information available at the time of removal."); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d

5

290, 292-93 (5th Cir. 2000)(finding that the key factor is the propriety of removal); *Daleske v. Fairfield Communications*, 17 F.3d 321, 324 (10th Cir. 1994) (indicating that the standard is a "fair basis for removing the case"). Likewise, other courts have refused to award attorney fees where the "plaintiff bears a substantial share of the responsibility for the case remaining in federal court." *W.H. Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir. 1997); *Gardner v. Allstate Indem. Co.*, 147 F. Supp. 2d 1257, 1264 (M.D. Ala. 2001) (citing aforementioned case with approval and noting that "unclean hands" typically prevented an award of attorney fees).

      The court would like nothing better than to award attorney fees. It finds Terminix's claims that it did not know who its limited partners were – limited partners who had joined the Terminix group over a year ago – to push the lines of credibility. Nevertheless, despite its skepticism, there is simply no evidence that the defendants did not act based on the information reasonably available to it at the time of removal. *Gray*, 906 F. Supp. at 633-36. The court might be tempted to find that the defendant's are merely attempting to sidestep the court's previous decision which held that arbitration was not appropriate in this case; (Doc. #8), however, the defendant has also asked the court to remand its decision in *Maude K. Lindsey v. The Terminix International Co.* (CV-02-1838-S), a case where the court found that arbitration was proper. Moreover, the court also concludes that the plaintiff bore a "a substantial share of the responsibility for the case remaining in federal court" and an award of attorneys fees would be inappropriate. *Amoco Production Co.*, 111 F.3d at 32. Accordingly the court will assess the costs of this motion to the defendant, those costs will not include attorney fees.

## V.     Conclusion

The court will enter an appropriate order contemporaneously with this memorandum of opinion.

Done, this 3rd of June, 2003.

L. Scott Coogler
United States District Judge

7